IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     CRIMINAL ACTION

            : 

      v.                : 

            : 

KENNETH BROOKS          :      NO.  26-127

## MEMORANDUM  AND  ORDER

CAROLINE GOLDNER CINQUANTO, U.S.M.J.          March 31, 2026

Defendant was indicted on charges of manufacturing or dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A).  See Doc 1.  The Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(E).  See Doc. 13. Defense counsel argues that the Government is not entitled to a detention hearing because a violation of Section 922(a)(1)(A) is not a felony that "involves the possession or use of a firearm" as required by Section 3142(f)(1)(E).  Doc. 14.  I have found no caselaw in this Circuit addressing this specific issue.

The relevant portion of Section 3142 allows the court to hold a detention hearing in the case of a felony that

> involves the possession or use of a firearm or destructive
> device . . . or any other dangerous weapon . . . .

18 U.S.C. § 3142(f)(1)(E).  The parties agree that Section 922(a)(1)(A) is not a crime of violence.  They disagree about whether dealing in firearms without a license "involves the possession . . . of a firearm."  Defendant argues that whether the court employs "an

elements-based categorical test or a conduct-specific inquiry," the Government is not entitled to a detention hearing.  Doc. 14 at 3-4.

Section 922(a)(1)(A) makes it unlawful "for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms . . . ."  18 U.S.C. § 922(a)(1)(A).  As set forth in the Government's detention motion, Defendant sold four firearms "that he privately manufactured" to an undercover agent, along with over 1,000 rounds of ammunition.  Doc. 13 at 1; see also N.T. 3/27/26 at 3 (defense counsel agreed that Defendant accused of selling four firearms, manufactured in his home, to an undercover officer), 8-9 (Defendant had parts for the weapons delivered to his house, where he had manufacturing equipment in his bedroom and the adjacent room including parts in various tooling equipment).

The definition of "possession" in Merriam Webster's Dictionary includes "the act or condition of having or taking into control."  *Possession*, Webster's Collegiate Dictionary, 663 (7th ed., 1969).  By its plain meaning, possession requires only control over an object, not physical custody of the object.  I find support for my interpretation in an opinion from the District of Utah, wherein the Honorable Jared C. Bennett determined that "[d]ealing in firearms without a license is a charge that allows the court to hold a detention hearing under 18 U.S.C. § 3142(f)(1)(E).  United States v.

2

<u>Hallett</u>, No. 22-mj-698, 2022 WL 6161496 (D. Utah Oct. 7, 2022).  In construing the word "possession," Judge Bennett noted that

> [t]he authorities interpreting the term "possession" are legion. However, boiled down to their essence, these authorities show that "possession" can mean either:  (1) physical control over an item (i.e., actual possession); or (2) the exercise of ultimate control over an item even without physical possession (i.e., constructive possession).

<u>Id.</u> at *2 (citing <u>United States v. Lawrence</u>, 788 F.3d 234, 245046 (7th Cir. 2015)).

Here, whether I look at the Defendant's alleged activities in the case or to the elements of the crime charged, control over the firearms is a feature of the crime. Therefore, I conclude that, in the context here charged, a violation of 18 U.S.C. § 922(a)(1)(A) involves the possession of a firearm for purposes of 18 U.S.C. § 3142(f)(1)(E), sufficient to trigger a detention hearing.

An appropriate order follows.